UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILDER CORPORATION OF DELAWARE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THOMPSON DRAINAGE AND LEVEE )<br>DISTRICT, )<br>)<br>Defendant. ) | Case No. 09-1322 |

# O R D E R

This matter is now before the Court on Defendant's Motion to Dismiss. For the reasons set forth below, the Motion [#5] is GRANTED.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

## BACKGROUND[1]

In 2006, the Nature Conservancy (the "Conservancy") filed a complaint in state court against Plaintiff, Wilder Corporation of Delaware ("Wilder"), alleging breaches of various agreements related to the Conservancy's purchase of certain land in Fulton County, Illinois, from Wilder. The matter was subsequently removed to this Court. In 2008, the Conservancy filed an Amended Complaint in that litigation alleging that there was additional contamination in an area south of the pump house on the property that had been operated by Defendant, Thompson Drainage and Levee District (the "District"). In July

---

[1] Unless otherwise noted, the background is taken from allegations in Plaintiff's Complaint and presumed to be true for purposes of resolving this Motion.

2009, Wilder sought leave to file a third party complaint against the District based on its contention that this contamination was caused by the District, which was denied as untimely.

Wilder persists in this contention and has now filed this Complaint against the District alleging breach of the Drainage Code, 70 ILCS 605/4-15, trespass, and a claim for contribution/indemnification. The District has moved to dismiss the Complaint as barred by the statute of limitations and for failure to state a claim upon which relief can be granted. The Motion to Dismiss is fully briefed, and this Order follows.

## DISCUSSION

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. See Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett

& Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

    I.    Statute of Limitations

The District first seeks dismissal of the claims for violation of the Drainage Code and trespass as barred by the statute of limitations. Specifically, the District maintains that under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 *et seq*., there is a one-year statute of limitations on all civil actions.

> No civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.

745 ILCS 10/8-101(a). This one-year limitations period is intended to apply broadly and to control any other potentially applicable limitations period. Paszkowski v. Metropolitan Water Reclamation District of Greater Chicago, 213 Ill.2d 1, 13 (Ill. 2004).

Based on the allegations of the Complaint, the District argues, Wilder was on notice that it was being sued for contamination in an area south of the pump house on the property that had been operated by the District no later than February 2, 2008. As Wilder has had no possessory interest in the property since 2002, the District argues that any injury and therefore any claim against it had to have been brought prior to 2003. Even assuming that the discovery rule could be applied in this case, the District asserts that Wilder's Complaint must have been filed no later than February 2, 2009, in order to be timely based on the knowledge that Wilder obtained on February 2, 2008. As the Complaint in this case was not filed until September 23, 2009, the District contends that it was untimely and barred by the one-year statute of limitations in the Tort Immunity Act.

Wilder responds citing Roark v. Macoupin Creek Drainage District, 316 Ill.App.3d 835 (4th Dist. 2000), for the proposition that where claims are based on a failure to inspect, the injury sustained is an ongoing injury with the statute of limitations starting on the date of the last injury.  Id., at 847.  Based on allegations in the Complaint that the District repeatedly failed to annually inspect and/or maintain or repair the property, Wilder contends that it has alleged a similarly ongoing injury.

However, Wilder fails to acknowledge one key difference between itself and the plaintiff in Roark, that being that after 2002, Wilder no longer had any ownership or possessory interest in the property at issue.  Accordingly, from the time that Wilder vacated and no longer had any possessory interest in the premises, the injury resulting from any failure to inspect was necessarily suffered by the new owner of the property, the Conservancy.  Contrary to Wilder's protestations, Roark does not discuss the need for ownership or a possessory interest to maintain a claim for damages or tresspass because it was undisputed that the plaintiff in that case maintained ownership of the property throughout the time period in question.  Furthermore, Roark clearly holds that the one-year "statute of limitations began to run on [the] date of [the] landowner's last injury."  316 Ill.App.3d at 835, 847.

Wilder then cites Brooks v. Illinois Cent. R. Co., 364 Ill.App.3d 120 (1st Dist. 2005), for the proposition that the two-year statute of limitations for contribution and indemnity trumps the one-year statute of limitations under the Tort Immunity Act.  While this reliance is correct with respect to the contribution and indemnity claim asserted in Count III of the Complaint, it is inapposite to the Drainage Code and trespass claims asserted in Counts I and II of the Complaint, as the language in the Contribution Act plainly limits the

peremptory reach of its period of limitations to "contribution and indemnity actions only . . . . " 735 ILCS 5/13-204(c).  Moreover, the District's statute of limitations argument is simply not directed at the contribution/indemnity claim asserted in Count III.  The Court therefore finds that, regardless of whether the discovery rule applies in this case, the Drainage Code and trespass claims asserted in Counts I and II of Wilder's Complaint are barred by the one-year statute of limitations under the Tort Immunity Act.

II.     Failure to State a Claim

Count III of the Complaint alleges a claim for contribution/indemnity based on the District's contamination of the property to the extent that Wilder is liable to the Conservancy for damages related to the contamination.  The District seeks the dismissal of this claim based on the argument that Wilder has not claimed that it was a joint tortfeasor with the District for purposes of contribution or that there was any express or implied contract between itself and the District upon which indemnity could be based.

Apparently conceding its lack of right to indemnification and focusing solely on the contribution aspect of this claim, Wilder responds that under Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd., 522 F.3d 776, 783 (7th Cir. 2008), the key inquiry in this case is whether the District was potentially liable to the Conservancy for the contamination.  The fact that the Conservancy chose to sue only Wilder and only on a theory of breach of contract does not negate the fact that as the land owner, it could have brought an action against Wilder and/or the District based in tort.

The Illinois joint Tortfeasor Contribution Act, 740 ILCS 100/2, referenced in the Sompo case provides in relevant part:

> (a) Except as otherwise provided in this Act, where 2 or more
> persons are subject to liability in tort arising out of the same

> injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them.
>
> (b) The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfeasor is liable to make contribution beyond his own pro rata share of the common liability.
>
> * * *
>
> (f) Anyone who, by payment, has discharged in full or in part the liability of a tortfeasor and has thereby discharged in full his obligation to the tortfeasor, is subrogated to the tortfeasor's right of contribution. This provision does not affect any right of contribution nor any right of subrogation arising from any other relationship.

740 ILCS 100/2(a), (b), and (f).  In <u>Sompo</u>, the Seventh Circuit discusses the purposes and construction of the Contribution Act by the Illinois courts.

> The purpose of the Contribution Act is to balance the equities between all culpable parties while ensuring that plaintiffs do not receive double recovery.  In furtherance of this purpose, the Supreme Court of Illinois has construed "liability in tort" to mean "potential" tort liability, and the Illinois courts have construed broadly this "potential liability" criterion.  Illinois courts determine potential tort liability "at the time of the injury to the plaintiff," not when the basis for liability is actually decided by the court.  The JTCA "focuses, as it was intended to do, on the culpability of the parties rather than on the precise legal means by which the plaintiff is ultimately able to make each defendant compensate him for his loss."

522 F.3d at 783 (internal citations omitted).

Count III of Wilder's Complaint does not contain allegations promoting the reasonable inference of a joint tortfeasor relationship with the District or even specifically

invoking the Contribution Act. In its present form, the allegations made are simply not sufficient to demonstrate that Wilder's right to relief is more than speculative or is otherwise plausible on its fact. Accordingly, the Complaint fails to satisfy the standard set forth under Twombly and Iqbal, and must be dismissed without prejudice to filing an amended complaint that cures these deficiencies if such deficiencies can be cured in good faith.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [#5] is GRANTED without prejudice to filing an amended complaint curing the deficiencies with respect to Wilder's contribution claim only. Leave to replead does not extend to any of the other claims asserted in the Complaint for the reasons set forth in this Order. Any amended complaint must be filed within 14 days from the date of this Order.

ENTERED this 13th day of May, 2010.

    s/ Michael M. Mihm
    Michael M. Mihm
    United States District Judge