E-FILED
Wednesday, 25 August, 2010  10:16:18 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| WILDER CORPORATION OF DELWARE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-1322 |
| ) | |
| THOMPSON DRAINAGE AND LEVEE DISTRICT ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is now before the Court on Defendant's Motion to Dismiss the Wilder Corporation's Second Amended Complaint. For the reasons set forth below, the Motion to Dismiss [#14] is DENIED.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, as the parties are of diverse citizenship, and the amount in controversy exceeds $75,000.

## BACKGROUND[1]

In 2006, the Nature Conservancy ("the Conservancy") filed a complaint in state court against plaintiff, Wilder Corporation of Delaware ("Wilder"), alleging breaches of various agreements related to the Conservancy's purchase of certain land (the "Property") in Fulton County, Illinois, from Wilder. The matter was subsequently removed to this Court. In 2008, the Conservancy filed an Amended Complaint in that litigation alleging that there was additional contamination in an area south of the pump house on the property that had been operated by

---

[1] Unless otherwise noted, the background is taken from allegations in Plaintiff's Second Amended Complaint and presumed to be true for purposes of resolving this motion.

Defendant, Thompson Drainage and Levee District (the "District").  In July 2009, Wilder sought leave to file a third party complaint against the District based on its contention that this contamination was caused by the District, which was denied as untimely.

Wilder persists in this contention and filed a Complaint against the District alleging breach of the Drainage Code, 70 ILCS 605/4-15, trespass, and a claim for contribution and indemnification.  The Court previously dismissed the first two claims as barred by the applicable statute of limitations.  Wilder amended its complaint to allege claims for contribution and indemnification.  The District has moved to dismiss these remaining claims for failure to state a claim upon which relief can be granted.  The Motion to Dismiss is fully briefed, and this Order follows.

## DISCUSSION

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim that would entitle her to relief.  See *Conley v. Gibson,* 355 U.S. 41 (1957); *Gould v. Artisoft, Inc.,* 1 F.3d 544, 548 (7th Cir. 1993).  Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f).  More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level."  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007).  Furthermore, the claim for relief must be "plausible on its face."  *Id.*; *Ashford v. Iqbal,* 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff.  See *Albright v. Oliver,* 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding,* 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest,* 110 F.3d 467 (7th Cir. 1997); *M.C.M Partners, Inc. v. Andrews-Bartlett & Assoc.,*

*Inc.,* 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.,* 959 F.2d 75 (7th Cir. 1992).

## I. Contribution

Count I of the Second Amended Complaint alleges a claim for contribution based on the District's contamination of the property to the extent that Wilder is liable to the Conservancy for damages related to the contamination. The District seeks to dismiss this claim based on the premise that Wilder has not claimed that it was a joint tortfeasor with the District for purposes of contribution. Specifically, the District claims that Wilder has failed to add any allegations tending to show that its conduct or fault was a cause of the pollution it alleges was the fault of the District.

The District argues that the injuries are not in fact the same: that the pollution to the property and the breach of warranty are two distinct events, which are only related. However, the Defendant's argument is beyond the scope of the purposes of a 12(b)(6) Motion to Dismiss. Whether the injuries are ultimately found to be the same or only tangentially related is a merit-based argument. For the purposes of a 12(b)(6) motion to dismiss, the Court will not weigh the merits of the claim. *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). There is no probability requirement: "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* citing *Twombly,* 127 S.Ct. at 1955.

Wilder need only provide a well-pleaded complaint that is "plausible on its face." *Iqbal,* 129 S.Ct. at 1953. The complaint must provide the defendant with notice of its claims and some specific facts in support of its claims. *Brooks*, 578 F.3d at 581. Wilder's Second Amended Complaint fulfills this requirement. Wilder alleges that the District had a "duty to avoid the discharge of any contaminants into the environment under 415 ILCS 5/12" and, in addition, they had a common law duty to avoid damage to property. Next, Wilder alleges that the District

3

breached this duty by failing to annually inspect and/or maintain and/or repair the pumping plants and related equipment on the Property.  As a result of this breach, the Conservancy could have pursued a claim against the District for its pollution of the property and the District could be liable under the Illinois Joint Tortfeaser Contribution Act (740 ILCS 100/2). Wilder has already been determined to be liable to the Conservancy under a contact theory.  The question of whether Wilder could also be liable in tort was simply not addressed.  What is required to maintain a cause of action is potential tort liability at the time of the injury.  *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co.*, 522 F.3d 776, 783 (7th Cir. 2008).

Wilder must plead facts that give "the defendant fair notice of what the… claim is and the grounds on which it rests." *Brooks*, 578 F.3d at 581.  Through its Second Amended Complaint, Wilder has put the District on notice of its allegation that it could have been liable to Wilder for its role in the pollution of the Property according to the Illinois Joint Tortfeaser Act.  Wilder alleges that at the time of the first suit, the Conservancy could have also claimed that Wilder was liable in tort for its negligence and lack of due care in allowing the damage caused by the pollution.  This is marginally sufficient to promote a reasonable inference of a joint tortfeasor relationship at this stage of the proceedings.  Whether a joint tortfeaser relationship can ultimately be proven is a question that must be answered on a more fully developed factual record.

Additionally, the District is attempting to put the Plaintiff into a "Catch-22" situation. The District argues that if Wilder does not admit liability, then Wilder cannot collect from the District. However, if Wilder admits liability, then they can no longer dispute liability in the case pending on appeal, *Conservancy v. Wilder.*  However, for the purposes of this motion, it is not necessary for the Plaintiff to specifically admit "that its conduct or fault was a cause of the pollution it alleges was the fault of the district."  (Defendant's Motion to Dismiss at 2)

## II. Indemnity

Count II of the Second Amended Complaint alleges a claim for indemnity based on an implied warranty made by the District to Wilder.  The District argues that any right to indemnity must be based on an express contract or a contract implied in law arising from a legal obligation of Wilder to satisfy a liability caused solely by the actions of the District.  The District further argues that Wilder's failure to allege any express contractual relationship causes this claim to fail.  Once again, the District is making a merit-based argument.  For the purposes of a 12(b)(6) motion to dismiss, the Court will not weigh the merits of the claim.  *Brooks,* 578 F.3d at 581.

As stated previously, Wilder only needs to provide a well-pleaded complaint that is "plausible on its face."  *Iqbal* 129 S.Ct. at 1953.  The complaint must provide the defendant with notice of its claims and some specific facts in support of its claims.  *Brooks,* 578 F.3d at 581.  Wilder's Second Amended Complaint fulfills this requirement.  Wilder alleges the existence of a pre-tort relationship based on the District's use of its property daily since 1918 pursuant to a right of way.  Wilder relies on *Eeingenburg v. Lincoln-Lansing Drainage Dist.*, 310 Ill. App. 179, 33 N.E.2d 906 (1st Dist. 1941), in support of its assertion that by running a petroleum pipe across its property, the District impliedly promised to indemnify Wilder from any and all damages that occured as a result of the District's actions or inactions.  Wilder further alleges that as a result, they should be indemnified and held harmless by the District against the prior judgment regarding the contamination.  Wilder must plead facts that give "the defendant fair notice of what the… claim is and the grounds on which it rests."  *Id.*  Through its Complaint, Wilder has pled sufficient facts to put the District on notice of its allegation that Wilder should be indemnified against the prior judgment.  Whether the running of the pipeline can create an implied contract sufficient to support a cause of action for indemnification under these circumstances is a question that must be answered on a more fully developed factual record.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss [#14] is DENIED. Defendant is directed to answer the Second Amended Complaint within 14 days from the date of this Order. This matter is referred to Magistrate Judge Gorman for further proceedings.

ENTERED this 25th day of August, 2010.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
